IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE HARTMAN, JR. | ) | Civil Action No. 2:21-cv-1078 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HENRY CLAY TOWNSHIP, | ) | |
| CHARLES MYERS, in his official and | ) | |
| individual capacity, | ) | |
| WILLIAM HAYDEN, in his official | ) | |
| and individual capacity, | ) | |
| MCMILLAN ENGINEERING, INC., | ) | |
| TAMMY STENSON, in her official | ) | |
| and individual capacity, and | ) | |
| RICK WILSON, in his official | ) | |
| and individual capacity, | ) | Jury Trial Demanded. |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, LAWRENCE HARTMAN, JR., by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action averring as follows:

JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of various civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating Plaintiff's rights under the First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3).

4.     Venue is proper as all claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff is located in the Western District of Pennsylvania.

PARTIES

5.     Plaintiff, Lawrence Hartman, Jr., is an adult individual and resident of Fayette County, Pennsylvania.

6.     Defendant, Henry Clay Township ("Township"), is a Pennsylvania municipal corporation with administrative offices located at 156 Martin Road, Markleysburg, Pennsylvania 15459.  At all times relevant to this Complaint, Defendant Township acted by and through its officials, including, but not limited to, Defendants Charles Myers, William Hayden, McMillen Engineering, Tammy Stenson and Rick Wilson.

7.     Defendant, Charles Myers ("Myers"), is an adult individual and resident of Fayette County, Pennsylvania.  At all times relevant to this Complaint, Defendant Myers was a duly elected supervisor of Defendant Township, employed by Defendant Township, purporting to act within the full scope and authority of his office. In his capacity as supervisor, Defendant Myers purported to act as a decision-maker for Defendant Township.

8.     Defendant, William Hayden ("Hayden"), is an adult individual and resident of Fayette County, Pennsylvania.  At all times relevant to this Complaint, Defendant Hayden was a duly elected supervisor of Defendant Township, employed by Defendant Township, purporting to act within the full scope and authority of his office. In his capacity as supervisor, Defendant Hayden purported to act as a decision-maker for Defendant Township.

9.     Defendant, McMillen Engineering, Inc. ("McMillen"), is a business corporation with a registered address of 115 Wayland Smith Drive, Uniontown, Pennsylvania 15401.  Since in or

about January of 2021, Defendant McMillen is, and was the code enforcement officer for Defendant Township, purporting to act within the full scope and authority of its office.

10.     Defendant, Tammy Stenson ("Stenson"), is an adult individual.  Plaintiff believes, and therefore avers, that Defendant Stenson is a resident of Fayette County, Pennsylvania.  At all times relevant to this Complaint, Defendant Stenson was the Senior Project Planner for Defendant McMillen.  Since in or about January of 2021, Defendant Stenson is, and was, a code enforcement officer for Defendant Township, purporting to act within the full scope and authority of her office.

11.     Defendant, Rick Wilson ("Wilson"), is an adult individual and a resident of Fayette County, Pennsylvania.  At all times relevant to this Complaint, Defendant Wilson was employed as a code enforcement officer for Defendant Township, purporting to act within the full scope and authority of his office.

12.     The actions of Defendants described herein are part of an unlawful pattern and course of conduct intended to harm the Plaintiff.  All of the acts described below were committed by Defendants with reckless disregard and/or deliberate indifference to the constitutional rights of the Plaintiff, and they were done under the color and pretense of the law.  As a direct and proximate result thereof, Defendants violated the Plaintiff's constitutional rights, as described herein.

FACTUAL ALLEGATIONS

13.     Plaintiff is a resident of Defendant Township and owns residential and commercial properties located in Defendant Township.

14.     In or about 2011, Defendant Wilson placed large rocks and other debris onto a right-of-way owned by the Plaintiff and located along the boundary of 4907 National Pike,

Markleysburg, Pennsylvania 15459. These rocks and other debris obstruct the Plaintiff's right-of-way and impede its use.

15.     Defendant Wilson placed these large rocks and other debris on the Plaintiff's right-of-way without the Plaintiff's consent.

16.     Throughout 2011 to the present, Plaintiff has continued to demand that Defendant Wilson remove these large rocks and debris from the Plaintiff's right-of-way.

17.     Despite the Plaintiff's continued demands, Defendant Wilson refuses to remove the aforementioned rocks and debris from the Plaintiff's right-of-way.

18.     In or about August of 2014, Plaintiff was appointed to Defendant Township's zoning board.

19.     In or about September of 2019, Plaintiff bought a property located on Route 40 in Defendant Township.

20.     Shortly thereafter, Defendant Myers made false allegations to the Plaintiff that there was garbage buried on this property and threatened to report the Plaintiff to the Department of Environmental Protection in his capacity as supervisor for Defendant Township.

21.     Plaintiff believes, and therefore avers, that Defendant Myers knew that there was not garbage buried on the property and/or was threatening the Plaintiff in order to force the Plaintiff to sell the property.

22.     As a direct and proximate result of the threats by Defendant Myers, as more fully described hereinbefore above, Plaintiff was forced to sell his property. Notably, Plaintiff was forced to sell this property expeditiously for a for a significantly lower amount than the actual worth of the property.

23.     Plaintiff believes, and therefore avers, that Defendant Myers has not made similar threats to other similarly situated property owners in order to force these property owners to sell their properties.

24.     No rational basis exists for this difference in treatment.

25.     In or about June of 2020, Plaintiff applied for a permit to operate a used car lot on his commercial property located in Defendant Township.

26.     At that time, Defendant Township did not approve Plaintiff's request for a permit. Instead, Defendant Myers, in his capacity as township supervisor, personally contacted numerous business owners throughout the community to inquire if Defendant Township should approve this permit.

27.     Plaintiff believes, and therefore avers, that Defendant Myers and/or Defendant Township did not contact numerous businesses to inquire about the approval of permits for other similarly situated business owners.

28.     No rational basis exists for this difference in treatment.

29.     Plaintiff, as a business owner, was not contacted by Defendant Township to approve the permits of other businesses of similarly situated business owners, including, but not limited to, Steven Humbert's ("Humbert") used car lot in or about 2019.

30.     Moreover, Plaintiff made several complaints about the violations of Mr. Humbert's used car lot in or about 2017 to 2019.  Defendant Township, however, approved Mr. Humbert's permits, despite its knowledge of the aforementioned violations and complaints.

31.     No rational basis exists for this difference in treatment.

32.     Approximately one (1) month after the Plaintiff applied for a permit, in or about July of 2020, Defendant Township finally approved the permit for a used car lot on the Plaintiff's

property.  However, the approval stated that the Plaintiff's permit was approved "with special exceptions."  When Plaintiff asked the Defendants Myers, Hayden and Wilson about this language, no Defendant could specify what these "special exceptions" to the permit were.

33.     Plaintiff believes, and therefore avers, that other, similarly situated business owners in Defendant Township were not subjected to permit approvals "with special exceptions" by Defendants Township, Myers, Hayden and/or Wilson.

34.     No rational basis exists for this difference in treatment.

35.     Plaintiff is the owner of Yough Lake Sports Shop, located in Defendant Township at 5316 National Pike, Markleysburg, Pennsylvania 15459.

36.     In or about November of 2020, the roof of Yough Lake Sports Shop was blown off by a storm.

37.     On or about November 20, 2020, Defendant met with Defendant Township's supervisor, Jesse Bates, II ("Bates"), and code enforcement officer, Mickey Daniels ("Daniels"), about the damage and repairs needed for Yough Lake Sports Shop.  At that time, Mr. Daniels informed the Plaintiff that no permits were required for the repairs of the building.

38.     Shortly thereafter, Plaintiff began the repair work on Yough Lake Sports Shop.

39.     In or about December of 2020, Gary Over ("Over") of K2 Engineering, a firm which issues building permits for Defendant Township, informed the Plaintiff that Defendant Wilson, in his capacity as code enforcement officer for Defendant Township, demanded that the Plaintiff's repairs to Yough Lake Sports Shop be stopped.  At that time, Mr. Over also informed the Plaintiff that a permit was necessary for the repairs.

40.     Shortly thereafter, on or about December 21, 2020, Plaintiff completed an application for the required building permit and submitted the necessary paperwork.  Mr. Over then told the Plaintiff that he could continue with the repairs to Yough Lake Sports Shop.

41.     On or about January 4, 2021, at a reorganization meeting, Defendant Township, through its supervisors, Defendants Myers and Hayden, removed the Plaintiff from the zoning board. Defendant Hayden stated that the removal was due to the Plaintiff's age.

42.     Other similarly situated members of the zoning board and/or other boards within Defendant Township that are the same age and/or older than the Plaintiff and have been on the zoning board for a similar amount of time, including Joseph Destro ("Destro"), were not removed from the zoning board because of their age and/or for any other reason.

43.     No rational basis exists for this difference in treatment.

44.     At that time, the Plaintiff spoke about Defendant Township's decision to remove him from the zoning board.

45.     In response to the Plaintiff's protected speech about a matter of public concern, i.e., Plaintiff's unjustified removal from the zoning board, Defendant Myers stated "if you don't sit down and let it alone, I will pull all of your permits, old and new, and go over them to find anything wrong."

46.     On or about February 1, 2021, at a township meeting, Plaintiff questioned why the minutes for the January 4, 2021 meeting did not contain Defendants Hayden and Myers' comments and threats, as more fully described hereinbefore above.

47.     At that time, it was stated that no further minutes would be kept of Defendant Township's meetings.

48.     On or about April 28, 2021, during an executive meeting, Defendants Hayden, Myers and Wilson agreed to take action against the Plaintiff for violations on zoning and building permits of Yough Lake Sports Shop for repairs as more described hereinbefore above.

49.     Plaintiff believes, and therefore avers, that Defendants did not agree to take action against other, similarly situated businesses on a lack of building permits and/or other similar violations, especially for emergency situations similar to the one described hereinbefore above at Paragraphs 36 through 40.

50.     No rational basis exists for this difference in treatment.

51.     Plaintiff believes, and therefore avers, that the Defendants took action against the Plaintiff for not having zoning and/or building permits for the repairs to Yough Lake Sports Shop in retaliation for the Plaintiff's protected speech at the township meeting on January 4, 2021, as more fully described hereinbefore above.

52.     On or about May 21, 2021, Plaintiff received a letter from Defendant Stenson on behalf of Defendant McMillan, in its capacity as a zoning enforcement officer for Defendant Township. The letter indicated that the Plaintiff would be fined for not having zoning and building permits for the repairs to Yough Lake Sports Shop as more fully described hereinbefore above.

53.     Plaintiff believes, and therefore avers, that this letter was sent in order to stop the necessary repairs to the Plaintiff's business.

54.     Plaintiff believes, and therefore avers, that this letter was sent in retaliation for Plaintiff's protected speech, as more fully described hereinbefore above at Paragraph 44.

55.     Plaintiff believes, and therefore avers, that the Defendants have not attempted to stop the repairs and/or construction of other business owners and/or threaten to fine other similarly situated business owners within Defendant Township for lack of zoning and/or building permits.

56.     No rational basis exists for this difference in treatment.

57.     Plaintiff further believes, and therefore avers, that Defendant Township has not required similarly situated owners of several businesses, including, but not limited to, A&J's Bargain Outlet and Marclay Motors, LLC, to have any zoning or building permits.

58.     No rational basis exists for this difference in treatment.

59.     On or about July 5, 2021, Plaintiff attended a township meeting wherein he learned that another resident of Defendant Township, Alan Evans, requested to build a commercial building on the land that is adjacent to the Plaintiff's property.  As an adjacent landowner, Plaintiff was not notified by Defendant Township of Mr. Evan's intent to build a commercial building, per Defendant Township's ordinances.

60.     Plaintiff asked Defendant Myers why he was not notified by Defendant Township of Mr. Evan's intent to build a commercial building on a property adjacent to the Plaintiff's property. Defendant Myers responded that the Plaintiff "didn't matter."

61.     Plaintiff believes, and therefore avers, that other similarly situated landowners of adjacent properties were notified by Defendant Township of Mr. Evan's intent to build a commercial building.

62.     No rational basis exists for this difference in treatment.

COUNT I:

PLAINTIFF v. DEFENDANTS TOWNSHIP and MYERS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

63.     Plaintiff incorporates by reference Paragraphs 1 through 62 as though fully set forth a

length herein.

64.     As described hereinbefore above, Defendant Myers made false allegations to the Plaintiff that there was garbage buried on Plaintiff's property and threatened to report the Plaintiff to the Department of Environmental Protection in his capacity as Defendant Township's supervisor.

65.     Plaintiff believes, and therefore avers, that Defendant Myers knew that there was not garbage buried on the property and/or was threatening the Plaintiff in order to force the Plaintiff to sell the property.

66.     As a direct and proximate result of the threats by Defendant Myers, as more fully described hereinbefore above, Plaintiff was forced to sell his property.  Plaintiff was also forced to sell this property for a significantly low amount.

67.     Plaintiff believes, and therefore avers, that Defendant Myers has not made similar threats to other similarly situated property owners in order to force these property owners to sell their properties.

68.     No rational basis exists for this difference in treatment.

69.     In his capacity as supervisor, Defendant Myers purported to act as a decision-maker for Defendant Township.

70.     The actions Defendant Myers were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendant Myers to punitive damages.

71.     As a direct and proximate result of the Defendant Meyer's actions Plaintiff suffered the following injuries and damages:

      a.     violation of Plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States to enjoy the equal protection of the law;

      b.     economic damages; and

c.     other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Myers; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

72.    Plaintiff incorporates by reference Paragraphs 1 through 71 as though fully set forth a length herein.

73.    As more fully described hereinbefore above, Plaintiff has been subjected to numerous actions by the Defendants, and each of them, to which other similarly situated business owners have not been subjected.

74.    No rational basis exists for this difference in treatment.

75.    Defendants treated the Plaintiff differently than other similarly situated business owners in that other similarly situated business owners have not been subjected to delays with permits, as more fully described hereinbefore above.

76.    No rational basis exists for this difference in treatment.

77.     Defendants treated the Plaintiff differently than other similarly situated business owners in that Defendants has not interfered with and/or stopped repairs of other similarly situated business owners lacking permits, as more fully described hereinbefore above.

78.     No rational basis exists for this difference in treatment.

79.     Plaintiff further believes, and therefore avers, that Defendant Township has not required similarly situated owners of several businesses, including, but not limited to, A&J's Bargain Outlet and Marclay Motors, LLC, to have any zoning or building permits.

80.     No rational basis exists for this difference in treatment.

81.     Furthermore, as more fully described hereinbefore above, Defendants Township, Hayden, Myers, McMillen, Stenson and/or Wilson, failed to notify the Plaintiff, as a landowner, about a commercial build on an adjacent property.  Plaintiff believes, and therefore avers, that other similarly situated adjacent landowners were notified.

82.     No rational basis exists for this difference in treatment.

83.     In their capacity as township supervisors, Defendants Myers and Hayden purported to act as decision-makers for Defendant Township.

84.     In his capacity as code enforcement officer, Defendants McMillen, Stenson and Wilson purported to act as a decision-maker for Defendant Township.

85.     The actions of the individual Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

86.     As a direct and proximate result of the Defendants' actions, and each of them, Plaintiffs suffered the following injuries and damages:

    a.      violation of Plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States to enjoy the equal protection of the law;

    b.      economic damages; and

    c.      other serious injuries and damages which may become apparent throughout this litigation.

    WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS TOWNSHIP, MYERS and HAYDEN

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

87.     Plaintiff incorporates by reference Paragraphs 1 through 86 as though fully set forth a length herein.

88.     As more fully described hereinbefore above, Plaintiff was removed from Defendant Township's zoning board.  Defendant Hayden stated that the Plaintiff was removed due to his age.

13

89.     Other similarly situated members of Defendant Township's zoning board and/or other boards, that are the same age and/or older than the Plaintiff and have been on the zoning board for a similar amount of time, including Joseph Destro ("Destro"), were not removed from the zoning board because of their age and/or for any other reason.

90.     No rational basis exists for this difference in treatment.

91.     In their capacity as township supervisors, Defendants Myers and Hayden purported to act as decision-makers for Defendant Township.

92.     The actions of the individual Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

93.     As a direct and proximate result of the Defendants' actions, and each of them, Plaintiff suffered the following injuries and damages:

   a.     violation of Plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States to enjoy the equal protection of the law;

   b.     economic damages; and

   c.     other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

<u>RETALIATION</u>

94.   Plaintiff incorporates by reference Paragraphs 1 through 93 as though fully set forth at

length herein.

95.   Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against

the above-captioned Defendants for violation of Plaintiff's constitutional rights under color of

law.

96.   At all times relevant hereto, Plaintiff had the right to be free from retaliation based on his

right to freedom of speech.

97.   As described hereinbefore above, Plaintiff spoke at Defendant Township's meeting about

Defendant Township's decision to remove him from the zoning board.

98.   In response to the Plaintiff's protected speech about a matter of public concern,

Defendant Myers stated "if you don't sit down and let it alone, I will pull all of your permits, old

and new, and go over them to find anything wrong."

99.   Plaintiff's right to be free from retaliation for exercising his right to freedom of speech

was violated when Defendants violated the Plaintiff on his repairs, zoning and the building

permits, threatened to fine the Plaintiff and attempted to stop the repairs to the Plaintiff's

business.

100.   Plaintiff believes, and therefore avers, that the Defendants agreed to take action against

the Plaintiff for not having zoning and/or building permits for the repairs to Yough Lake Sports

Shop in retaliation for the Plaintiff's speaking on matters of public concern at the township

meeting on January 4, 2021, as more fully described hereinbefore above.

101.    Defendants' actions, deprived the Plaintiff of rights guaranteed to him by the First

Amendment.

102.    At all times relevant hereto, Defendants Myers, Hayden, McMillen, Stenson and Wilson,

acted as a policymakers for Defendant Township, and specifically as a policymaker who made

and/or ratified the actions which led to the constitutional violations described herein, thereby

subjecting Defendant Township to liability for the damages suffered by the Plaintiff.

103.    As a direct and proximate result of the acts described hereinbefore above perpetrated by

the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

   a.    violation of Plaintiff's constitutional rights under the First Amendment to
         the Constitution of the United States to be free from retaliation of the law;

   b.    economic damages; and

   c.    other serious injuries and damages which may become apparent throughout
         this litigation.

   WHEREFORE, Plaintiff demands compensatory general damages against the

Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory

special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-

judgment interest as permitted by law; punitive damages against the individual Defendants; and

such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. DEFENDANT WILSON

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
PENNSYLVANIA COMMON LAW

TRESSPASS TO LAND

104.     Plaintiff incorporates by reference Paragraphs 1 through 103 as though fully set forth at

length herein.

105.     As more fully described hereinbefore above, Defendant Wilson placed large rocks and

other debris on the Plaintiff's right-of-way, impeding its use, without the consent of the Plaintiff.

106.     Plaintiff has made multiple demands that Defendant Wilson remove these large rocks and

debris from the right-of-way.

107.     To date, Defendant Wilson has continued to refuse to remove these large rocks and debris

from the Plaintiff's right-of-way.

108.     As a direct and proximate result of the actions of Defendant Wilson, as set forth above,

the Plaintiff was injured and damaged as follows:

      a.     violation of Plaintiff's rights under Pennsylvania Common Law;

      b.     inability to properly utilize the roadway on the Plaintiff's property;

      c.     economic damages; and

      d.     other serious injuries and damages which may become apparent throughout
          this litigation.

WHEREFORE, for all the above reasons, Plaintiff demands compensatory general

damages against Defendant Wilson, in the amount proven at trial; compensatory special damages

including, but not limited to, costs of suit, reasonable attorney's fees as permitted by law, pre-

and post-judgment interest as permitted by law; consequential damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  August 12, 2021