IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE HARTMAN, JR.,                    )
                                          )          No.: 2:21 cv 1078
          Plaintiff                       )
                                          )
     vs.                                  )
                                          )
HENRY CLAY TOWNSHIP, CHARLES )
MYERS, in his official and individual     )
capacity, WILLIAM HAYDEN, in his          )
official and individual capacity,         )          JURY TRIAL DEMANDED
McMILLAN ENGINEERING, INC.,               )
TAMMY STENSON, in her official            )
and individual capacity, and RICK         )
WILSON, in his official and individual    )
capacity,                                 )
                                          )
          Defendants.                     )

## DEFENDANT MCMILLEN ENGINEERING, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

AND NOW come the Defendants McMillen Engineering Inc., and Tammy Stenson by and through their counsel Francis X. McTiernan, Jr., Esquire and Wayman, Irvin, and McAuley, LLC and files the within Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

1.   Lawrence Hartman, Jr.'s ("Plaintiff") Complaint in relation to Defendants McMillen and Stenson, should be dismissed for the failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

## II.   **BACKGROUND**

2.   Plaintiff's Complaint alleges a variety of incidents and actions taken by various supervisors of Henry Clay Township which the Plaintiff claims violated his constitutional rights.

3.   These claims include:

**Count I**:  Allegations that Defendant Myers said that Plaintiff had garbage buried on Plaintiff's property.

**Count II**:  Requiring the Plaintiff to have a building and zoning permit to make repairs to his property after the roof of his business "was blown off by a storm."

**Count III**:  Plaintiff's removal as a member of the Township's zoning board.

**Count IV**:  Plaintiff alleges that there was retaliation against him for exercising his right of free speech.

**Count V**:  Plaintiff alleges that Defendant Wilson placed large rocks on the Plaintiff's property.

4.   In Counts II and IV, the only counts which pertain to these Defendants, Plaintiff alleges that these Defendants violated Plaintiff's civil rights, pursuant to 42 USC § 1983 including an Equal Protection-Class of One violation and Retaliation by requiring the Plaintiff to obtain a building permit and zoning permit for his business.

5.   Plaintiff is the owner of Yough Lake Sports Shop ("Shop") located in Henry Clay Township at 5316 National Pike, Markleysburg, Pennsylvania 15459. (See Plaintiff's Complaint ¶ 35 attached hereto as Exhibit "A").

6.   In November 2020, Plaintiff's Shop's roof sustained significant damage and portions were torn off as the result of high winds during a storm.  (Complaint ¶ 36; see

2

Photo of Roof Damage attached as Exhibit "B").   Plaintiff began the repair work, shortly thereafter.

7. In 2020, K2 Engineering (K2) was the Zoning Enforcement Office for Clay Township.  K2 Engineering advised the Plaintiff that the repairs required that a building permit be obtained.

8. On December 21, 2020, Plaintiff submitted an application for a building permit with K2 Engineering.

9. On January 4, 2021, at a Township re-organization meeting, Defendant McMillen Engineering and K2 Engineering were both appointed as Zoning Enforcement Officers (See Jan. 4 Re-organization Meeting Minutes, attached hereto as Exhibit "C").

10. At the February 1, 2021 Clay Township Meeting, it was stated that Defendant McMillen and K2 can both issue building permits.  (See Feb. 1 Meeting Minutes, attached hereto as Exhibit "D").

11. Once appointed as Zoning Enforcement Officer, it came to Defendant's attention that while the Plaintiff had applied for a building permit in December, no permit had been issued to Plaintiff.  The repair work had been completed at the Shop, however, the Plaintiff had not complied with the requirements related to the building permit or obtained a zoning permit.

12. Defendant Stenson wrote to Plaintiff on April 29, 2021. (A copy of the letter is referenced in paragraph 52 of the Complaint and is attached hereto as Exhibit "E").

13. In the letter, Defendant Stenson explained that Plaintiff needed to complete and submit a zoning permit along with the required $200.00 fee.  Additionally, Defendant

Stenson stated that Mr. Hartman needed a letter from an engineer licensed in the Commonwealth of Pennsylvania to confirm that the work completed meets the 2015 International Building Code. Defendant Stenson requested that this information be sent to the Township no later than May 5, 2021.

14. Attorney Jason Adams who was representing the Plaintiff, spoke to Tammy Stenson of McMillen on May 3, 2021 about her letter and then memorialized the conversation in correspondence dated May 3, 2021. (A copy of that letter is attached as Exhibit "F").

15. Attorney Adams stated that Plaintiff has submitted the application for the zoning permit and paid the $200.00 fee. Counsel went onto state that they would finish the building permit process with K2 Engineering and were in the process of getting the required engineering report from K2.

16. Plaintiff's Complaint states that he believes that the April 29, 2021, letter was sent in order to stop the repairs of the building. (Complaint ¶ 53), however the repairs to the business had been completed.

17. Given the severe nature of the damage to the property, it was necessary as a matter of public safety to determine that the repairs were structurally sound and that the repairs met the standards of the building codes applicable to the project.

18. A report was issued by K2 Engineering on May 11, 2021, and K2 issued the required building permit.

## III.    STANDARD OF REVIEW

19. Federal Rule of Civil Procedure 12(b)(6) permits courts to dismiss cases where a Complaint states a claim based upon a wrong for which there is clearly no remedy or claim in which the Plaintiff is without power to assert and to which no relief could possibly be granted. *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311-312 (3d Cir. 1999).

20. A complaint must be dismissed for failure to state a claim "if it does not allege enough facts to state a claim for relief that is plausible on its face." *Bell A. Corp. v. Twombly,* 550 U.S. 544, 547 (2007).

21. While Plaintiff's Complaint need not set forth detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, it must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV.    ARGUMENT

### COUNT II: Equal Protection—Class of One

22. To establish a "class of one" equal protection claim, a plaintiff "must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Joey's Auto Repair & Body Shop v. Fayette Cty.*, 785 F. App'x 46, 49 (3d Cir. 2019)

23. *Id.* Standing alone, "general accusations and the invocation of the Equal Protection Clause are not enough" to allege a class of one claim. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

24. Plaintiff alleges no facts that Defendant did in fact treat other business owners different with regard to building permits.

25. Plaintiff simply avers, generally, that "Defendants treated the Plaintiff differently than similarly situated businesses owners…" (Complaint ¶ 77).

26. Plaintiff fails to point to any similarly situated businesses that were treated differently by Defendants McMillen and Stenson once they became the Township Zoning Officer.

27. Further Plaintiff fails to point to any other permits issued by Defendant McMillen wherein the person seeking a permit were not required to submit reports and pay the required zoning fee.

28. Because Plaintiff cannot show that he was treated differently by the moving Defendants, Plaintiff fails to show the first prong of a class of one claim.

29. At the time Tammy Stenson issued the April 29, 2021, letter, the only thing that needed to be done with the building permit was to confirm that the repairs were structurally sound and met the building codes.

30. Five days after the date of the letter, the necessary inspection was performed, and the permit was issued.

31. Nothing about this process meets the requirement that the conduct be "irrational and wholly arbitrary."

32. It is not alleged that the building and zoning permits were not required.

33. There is also no allegation that the Plaintiff was exempt from the permit requirements.

34. There is no constitutionally recognized right of the Plaintiff to perform repairs without being subject to an engineer confirming that those repairs are done properly and do not endanger the health and safety of people using the structure.

35. As the result of Plaintiff's failure to properly support the three requirements of an Equal Protection class of one claim, his claim against moving Defendants should be dismissed

**WHEREFORE**, Defendants McMillen Engineering Inc. and Tammy Stenson respectfully request that this Honorable Court dismiss with prejudice the Complaint filed against them in this matter.

COUNT IV: Retaliation

36. In order to state a claim for First Amendment retaliation, a private citizen must allege that: (1) that he engaged in constitutionally protected activity; (2) that government responded with retaliation; and (3) that protected activity caused the retaliation. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004).

37. In *Eichenlaub v. Twp. of Indiana*, the Third Circuit state stated that "[z]oning officials did not violate landowners' substantive due process rights when they allegedly applied subdivision requirements to their property that were not applied to other parcels, pursued unannounced and unnecessary inspection and enforcement actions, delayed certain permits and approvals, and increased tax assessments; officials' actions did not shock the conscience, but rather were examples of the kind of disagreement that was frequent in planning disputes." *Id.* at 286.

38. Plaintiff alleges that the captioned Defendants violated his First Amendment rights for speaking at the January 4, 2021 township meeting.

39. Plaintiff avers that as the result of his speaking at a Township meeting regarding his removal from the zoning board the Defendants retaliated by "violated the Plaintiff on his repairs, zoning and the building permits, threatened to fine the Plaintiff and attempted to stop the repairs to the Plaintiff's business." (Complaint ¶ 99, 100).

40. These allegations however ignore the facts of the case as pled in the Complaint.

41. As the Plaintiff has pled in paragraph 10 of the Complaint, and confirmed in the Township meeting minutes, McMillen Engineering and Tammy Stenson were appointed in January of 2021.

42. The Plaintiff, however, had applied for a building permit in December of 2020 (Complaint ¶ 40).

43. By issuing the April 29, 2021 letter, Defendant McMillen and Stenson did not stop Plaintiff from receiving the permits.

44. Plaintiff also was not stopped from completing the repairs to his property as the repairs had been completed at the time the letter was issued.

**WHEREFORE**, Defendants McMillen Engineering, Inc. and Tammy Stenson ask that this Honorable Court dismiss the claims against them for Plaintiff's failure to state a claim upon which relief can be granted.

8

Respectfully submitted,

WAYMAN, IRVIN & McAULEY, LLC


Dated: 10/14/21                    By:_____/s/ Francis X. McTiernan, Jr._
                                       Francis X. McTiernan, Jr., Esquire
                                       PA ID #43587
                                       Jeffrey A. Kubay, Esquire
                                       PA ID #76378
                                       Wayman, Irvin & McAuley, LLC
                                       Suite 1700, Three Gateway Center
                                       401 Liberty Avenue
                                       Pittsburgh, PA 15222
                                       fmctiernan@waymanlaw.com
                                       jkubay@waymanlaw.com
                                       Counsel for Defendant McMillen
                                       Engineering, Inc.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE HARTMAN, JR.,      )
                            )          No.: 2:21 cv 1078
        Plaintiff           )
                            )
    vs.                     )
                            )
HENRY CLAY TOWNSHIP, CHARLES )
MYERS, in his official and individual )
capacity, WILLIAM HAYDEN, in his )
official and individual capacity,      )          JURY TRIAL DEMANDED
McMILLAN ENGINEERING, INC.,  )
TAMMY STENSON, in her official )
and individual capacity, and RICK )
WILSON, in his official and individual )
capacity,                    )
                            )
        Defendants.          )

## CERTIFICATE

Counsel for these Defendants initially contacted counsel for the Plaintiff on September 9, 2021 advising the Plaintiff of its belief that there were mistakes in the Complaint and requesting that Plaintiff's counsel get in contact so that they could discuss the claim. Plaintiff's counsel responded and several attempts were made to schedule a conference call. Two calls had to be cancelled due to Plaintiff's counsel being out of the office due to illness.

On October 8, 2021, I specifically advised advised Mr. Hartman's counsel of the intention to file a 12(B)(6) Motion on the basis that information previously provided to counsel contradicts factual statements made in Plaintiff's Complaint and that the claims against McMillen and Stenson were not supported. In response, Plaintiff's counsel advised that he intended to file an Amended Complaint. To date, an Amended Complaint has not been filed and the response of these Defendants is now due.

WAYMAN, IRVIN & McAULEY, LLC


By: : _____ */s/ Francis X. McTiernan, Jr.*
Francis X. McTiernan, Jr., Esquire

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Motion to Dismiss Pursuant to F.R.C.P. 12(B)(6) has been served by way of this Court's electronic filing system, on this 14th day of October 2021, as follows:

Joel Sansone, Esquire
Massimo Terzigni, Esquire
Elizabeth Tuttle, Esquire
Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, PA 15222
jsansone@joelsansonelaw.com
mterzigni@joelsansonelaw.com
etuttle@joelsansonelaw.com
(*Counsel for Plaintiff*)

Morgan Randle, Esquire
Marshall Dennehey Warner Coleman & Goggin
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
mmrandle@mdwcg.com
(*Counsel for Henry Clay Township, Charles Myers, William Hayden and Rick Wilson*)

WAYMAN, IRVIN & McAULEY, LLC

By: _____ */s/ Francis X. McTiernan, Jr.*
Francis X. McTiernan, Jr., Esquire

12